UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NIGEL WHITTAKER, # 375383,

        Plaintiff,        Case Number: 2:18-cv-11472

v.        HONORABLE STEPHEN J. MURPHY, III

BETSY GEYER, et al.,

        Defendants.
                                           /

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT

Plaintiff Nigel Whittaker, a state inmate currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se complaint under 42 U.S.C. § 1983. He named three defendants: Wayne County assistant prosecutor Betsy Geyer, court reporter Betty Sanders, and Wayne County Circuit Court Judge Patricia Fresard. Whittaker argues that defendants Geyer and Sanders prepared a fraudulent transcript of his criminal trial and defendant Fresard failed to comply with Michigan Court Rule 6.435. He seeks injunctive relief. Having reviewed the complaint, the Court will dismiss the complaint on the basis of immunity and for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal cannot be taken in good faith.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although this notice-pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978). Courts liberally construe pro se civil

2

rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**DISCUSSION**

Whittaker's claims arise from his criminal trial in Wayne County Circuit Court, which resulted in his convictions for armed robbery and four counts of first-degree criminal sexual conduct. He claims that inaccuracies in his trial court transcript prejudiced his ability to raise all relevant claims on direct appeal. He blames Defendant Betty Sanders (the court reporter) and Defendant Betsy Geyer (the prosecutor) for the inaccuracies. Whittaker also claims that the Honorable Patricia Fresard violated his right to due process in her application of Michigan Court Rule 6.435, regarding correcting mistakes in the trial court record.

To begin, Wayne County Circuit Court Judge Patricia Fresard is entitled to absolute immunity. Judges are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judicial personnel to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006). Allegations arising from Whittaker's challenges to his state criminal proceedings involve the performance of judicial and quasi-judicial duties. Judge

3

Fresard is absolutely immune from suit for such conduct and the claims against her must be dismissed.

Prosecutor Betsy Geyer is also absolutely immune from suit. The common law principle of absolute immunity for prosecutors applies to claims filed under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutors are entitled to absolute prosecutorial immunity for any conduct relating to "initiating a prosecution and . . . presenting the State's case." *Id.* at 431. Absolute prosecutorial immunity exists even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Defendant Geyer is entitled to absolute prosecutorial immunity for her actions in Whittaker's criminal proceeding.

Finally, Whittaker fails to state a claim upon which relief may be granted against the only remaining defendant, Betty Sanders. He argues that Sanders prepared a fraudulent transcript of his criminal trial which impeded his ability to appeal his convictions. Whittaker raised this claim in his habeas corpus petition, which was denied on the merits. *See Whittaker v. Curley*, No. 2:10-cv-11051 (E.D. Mich. July 31, 2013). Whittaker provides no information to support a finding that the trial transcripts contained material errors and, other than a conclusory allegation, he provides no evidence that Sanders intentionally prepared a fraudulent transcript or worked in concert with the prosecutor to do so. This unsupported allegation is insufficient to satisfy minimum pleading requirements. *See Twombly*, 550 U.S. at 565.

The Court concludes that the complaint fails to state a claim upon which relief may be granted and will therefore dismiss it. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. §

4

1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.


Dated: August 9, 2018        s/Stephen J. Murphy, III
                             STEPHEN J. MURPHY, III
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2018, by electronic and/or ordinary mail.

                             s/David P. Parker
                             Case Manager